ROGER W. POTTER *v.* CHARLES T. JAMES and others.

A replevin bond is suable immediately upon the defendant's recovery of judgment in the replevin suit, and without reference to the issuing, or return or return day, of the execution therein.

The filing of a plea to the merits is a waiver of all pleas in abatement subsequent to it.

DEBT upon a replevin bond, in which the declaration, which was in two counts, after stating the execution and setting forth the condition of the bond, averred, that the "action of replevin was duly entered at the November term of said Circuit Court, A. D. 1859, and was continued from term to term, until the November term of said court, 1861, when such proceedings were had therein that, at said last named term, final judgment was rendered by said court, which judgment is now remaining in full force, that the said Charles T. James and Lucinda James return and restore the said goods and chattels to the said plaintiff, and that the plaintiff should recover as damages for the taking of the same by the said Charles T. and Lucinda James, by the said process of replevin, the sum of $2240, together with the costs of defence incurred by the plaintiff, taxed at $62.15. The first count alleged, as the breach of the condition of the bond, that the principals in the bond had not paid the damages and costs, though often requested so to do ; and the second, that the principals in the bond had not returned and restored the goods and chattels replevied to the plaintiff in like good order and condition as when taken, but returned and restored only a portion thereof, and that portion in a greatly deteriorated and damaged condition, though often requested to return the same in the same condition in which they were received.

The third plea was :—"And for further plea, as to the debt sought to be charged upon the said defendants in the first count of said declaration mentioned, by virtue of the said supposed writing obligatory therein set forth, and as to said count, the defendants pray judgment of that part of said writ and declaration and that they be respectively quashed, because they say,

that at the time of issuing the said writ of said plaintiff in this behalf, and the commencement of this suit, the said suit in replevin, in said count mentioned, was pending in the Circuit Court of the United States for the District of Rhode Island, and that the said plaintiff sued out his writ of return and restitution in said cause, and for his alleged damages therein, and delivered the same to the marshal of the United States for service, which writ is still in the hands of said marshal, and has not been returned to said Circuit Court of the United States, and is not returnable, and cannot be returned before the next ensuing term of said court, which will be held in said District on the 15th day of June, A. D. 1862, and that the said defendants in said writ have been, since the issuing thereof, at large in said District, and this they are ready to verify; wherefore, and because the said suit in said Circuit Court is still pending, and the proceedings therein are not yet finished in their behalf, they pray judgment of so much and such part of said writ and declaration as relate to the debt sought to be charged upon them by said first count of said declaration, and that the same may be quashed."

To this plea there was a general demurrer and joinder.

*Thurston & Ripley, for the plaintiff:—*

After a judgment in replevin for a return and restitution of property taken on the writ, and for the statute damages for detention, the liability of the sureties on the replevin bond is fixed, and it is no cause for abatement of a suit against them on the bond, that the execution has not been issued against the plaintiff in replevin; or if execution has been issued, that the same has not been returned.

I. The terms of the bond required by statute are, that the plaintiff shall prosecute his writ of replevin to final judgment, pay such damages and costs as the defendant shall recover against him, and return the property replevied in like good order and condition as when taken, if such shall be the final judgment in the suit.

II. As soon as final judgment has been rendered, the sureties become liable, and the only defence which is open to them on the merits is, that of performance of the condition of the bond.

III. The defendant in replevin, in whose favor final judgment

has been rendered, is not limited to his remedy by the execution against the plaintiff in replevin ; he may suspend this remedy and sue the bond, or he may proceed against the principal by seeking to enforce his execution, and at the same time commence his proceedings against the sureties ; any satisfaction of the execution will of course enure to the benefit of the sureties.

IV. The defendant in replevin is situated similarly to the holder of a promissory note, upon which there is an endorser whose liability has become fixed ; he may proceed against either or both, at his option ; and the pendency of a suit against one is no bar to an action against the other. If the defendant in replevin is bound to exhaust all remedies against the plaintiff in replevin before he can look to the sureties, the language of the condition of the bond should be altered so as to postpone the liability of the sureties, by express terms, until after the return day of the execution issued in his behalf. The point has been decided in conformity with the positions above taken, both in England and in the courts of this country. *Perreau* v. *Bevan*, 8 Dow & Ry. 72 ; *Perreau* v. *Bevan*, 5 Barn. & Cress. 284 ; *Turner* v. *Turner*, 2 Brod. & Bing. 107. That the plea is not a sufficient answer. *Sevey* v. *Blacklin*, 2 Mass. 541 ; *Lindsay* v. *Blood*, 2 Ibid, 518.

*T. A. Jenckes, for the defendants :—*

This is an action of debt upon a replevin bond, given by the defendants and taken by the marshal of the District of Rhode Island, in a suit in the Circuit Court of the United States. The bond is in conformity with the statute of this State, and a writ is sued out of this court against the sureties in it, after a judgment for the defendants in the original suit, and pending proceedings upon a writ *de retorno habendo*, issued out of the Circuit Court upon its judgment. It is submitted that the suit is improperly brought, because,—

I. There is no breach of the condition of the bond, pending process in the replevin suit. The case in the Circuit Court was pending when the writ in this case was sued out. Both this court and the Circuit Court have decided the point, that a case is pending while process in it is pending, although it be process of execution on final judgment. *Kendall* v. *Winsor*, 6 R. I. 453 ;

*James et ux* v. *Gardner et al.* by Judge Pitman. The condition of the bond has not been broken by the principals, so as to charge the sureties. It is not assigned as a breach, that the principals did not prosecute their writ to final judgment. The breaches assigned are, the non-payment of damages and costs, and not returning the goods. The plea alleges, that the plaintiff has his process against the principals in the hands of the marshal for service, which process is not returnable till a day long subsequent to the suing out of the writ in this case, and that the principals have been at large in the District amenable to such process. It does not appear from the pleadings, that the plaintiff has made any attempt to serve the process, or that the principals have avoided. There may be a breach of the condition of the bond by not prosecuting the writ to final judgment, (as by not entering the case, permitting the suit to abate, &c.,) in which case the sureties become charged at once. To this point, *and to this alone,* are the decisions in 2 Mass., upon the plaintiff's brief. The decision of the court, in each case, rests upon the fact that the plaintiff in replevin had not prosecuted his writ to final judgment. When he had not done so, it is immaterial whether any writ *de retorno habendo* had been sued out or not. But in this case, the sureties cannot be charged unless the principals have avoided paying damages and costs, and refused to return the goods. But when, or how, and where, are they to pay damages and costs, except upon the execution? How, and to whom, are they to return goods, except to the officer charged with the service of the writ *de retorno?* The defendant in replevin is only a nominal party,—the real party in interest being the attaching creditor. The plaintiff in replevin takes the goods out of the custody of the law by his writ. He should return them into the custody of the law, in the manner provided by law. The surety undertakes that the principal shall respond to the execution for damages, and to the writ, for a return. The defendant in replevin, recovering judgment, must use the same diligence, to charge the sureties in the replevin bond, that is required in all the other cases of surety-ship. If the plaintiff would charge the defendants' bail, he must take out his execution, and have a return showing the principal's avoidance. If the holder of a note would charge the endorser,

he must make demand of payment of the maker, and give notice to the endorser. But the plaintiff in this case contends, that the instant final judgment is entered for him as defendant in replevin, he can sue the bond and charge the sureties, without demand upon the principals, and without notice to the sureties. Such certainly cannot be the intent of the statute. An examination of the English cases cited shows, that our statute was intended to be more liberal to the sureties. The bond required by the English law is, to prosecute the suit "with effect," *i. e., with success ;* and the sureties thereupon become charged as soon as the judgment is entered for the defendant. The condition required by our statute is, " to prosecute to final judgment *and* to pay," &c. Having prosecuted to final judgment, there must be a further default proved, before the sureties become charged. How proved ? By showing that the principal has not responded to the process issued upon the judgment against him. Until this proof is made by the use of the process to which the defendant is entitled by his judgment, it is submitted that no action upon the bond is maintainable. See *Pemble* v. *Clifford,* 2 McCord, 31 : " A *scire facias* on a replevin bond cannot be resorted to, unless a writ *pro retorno habendo* be issued, and returned *elongata.*" *Cowden* v. *Pease,* 10 Wend. 333 : " A suit on a replevin bond cannot be brought unless a writ of *retorno habendo* is returned unsatisfied, in whole or in part."

AMES, C. J. The plea in abatement questioned by this demurrer is confined to the first count in the declaration, and to the writ so far as it relates to the matter contained in that count. The breach of the replevin bond laid in that count is, the non-payment of the damages and costs recovered by the present plaintiff, as defendant in the replevin suit; and the question raised by the pleadings is, whether a suit will lie upon the replevin bond to recover such damages and costs, until after the return day, or at least the return *non est,* of the execution issued in the replevin suit. By the condition of the bond, the defendants bound themselves, amongst other things, to pay such damages and costs as the plaintiff, then defendant in replevin, might recover against the plaintiffs in replevin. The recovery here intended refers to the *judgment,* and not to the *execution,*

which is the means only of enforcing it. It is because these means may fail, that the statute requires, in addition, a bond with sureties to be given, to ensure the performance of the judgment. The liability of the plaintiffs in replevin was immediately consequent upon the judgment against them, enforceable at any moment by imprisonment of their persons, or levy upon their property, under the execution which at once issued upon the judgment. By the terms of the bond sued, their liability and that of their sureties was precisely the same,—the bond giving an additional remedy and further security for it; and neither the principals nor the sureties can set up any defence, except performance of the conditions of the engagement into which they have entered. There is no such analogy between a replevin and a bail bond as is supposed by the counsel for the defendants; and the peculiar rights and obligations of bail can shed no light upon the liabilities of either the principals or sureties of a replevin bond.

We notice, too, that this plea in abatement *follows* two pleas in bar; and we have already decided, in a case too, embracing on both sides parties to this, that a plea to the merits is a waiver of all pleas in abatement subsequent to it. *Gardner* v. *James and others*, 5 R. I. Rep. 242.

For these reasons the plea must be overruled.